There was another indictment against the said defendant, founded on the said act of assembly, for fraudulently obtaining from the bank, on the 11th April, 1806, by means of a counterfeitletter or privy token, the sum of fifty dollars. The indictment consisted of two counts, and was exactly like the indictment in the first case above mentioned, except that in this case the "defendant was charged with having obtained, by the means before mentioned, “fifty dollars in money current in the said Commonwealth of Virginia.”
The defendant was found guilty on this indictment also, and the same reasons were assigned in arrest of judgment as in the oiher case. The case was also adjourned.
The general court, composed of the same judges as in the last case, and on the same day, decided “that the errors aforesaid are not good and sufficient in law, and that judgment, on the verdict in the record in the said case mentioned, ought to be rendered by the district court.”
*42 *Note. The two cases taken, together, shew that the two first reasons were overruled by the court: the third reason was deemed sufficient to arrest the judgment in the first mentioned case, on the ground (it is presumed) that the obtaining of a bank note, as charged in the indictment, is not the obtaining of “money” in the sense in which it is used in the act; on the contrary, it was deemed insufficient to arrest the second judgment, because it did not apply, the defendant having been charged in the indictment with obtaining “fifty dollars in money current, &c.,” which could not be intended to mean a bank note of that amount.